Rohn, J.
This is a proceeding in error seeking to reverse the court below in sustaining the petition in error of the defendants, Messrs. Aldrich and Cameron, to the proceedings and orders of the Board of County Commissioners of Defiance county.
The record discloses, that on the 20th day of April, 1895, the plaintiff,Isabel Endley,riled her petition with the county auditor of Defiance county, asking for the construction of a certain ditch, and at the same time filed a bond in the sum of $100.00, conditioned according to the statute in such cases.
Accordingly, on the 22nd day of April, following, notice was duly served on the various lot and land owners to be affected by the proposed ditch; and on the 16th day of May, a hearing was had before the commissioners upon the petition laid before them, whereupon the following finding and order was made, viz:
“A copy of a petition for the improvement of a county ditch having been delivered to us by the county auditor, and it appearing to us that the proper bond has been filed with the auditor and by him approved, conditioned for the payment of all costs if the prayer of the petition be not allowed or be dismissed for any cause, we proceeded to fix the line of the improvement and determine whether the said improvement is necessary, or will be conducive to the public health, convenience and welfare, and we find that said improvement is necessary, and will be conducive to the public health, convenience and welfare, and we do hereby order the auditor to enter upon said journal an order directing Frederick Stever, a county surveyor, to go upon the line and file his report, and all other proceedings are hereby adjourned until we are notified by the auditor of tbe day set by him for the hearing of the surveyor’s report.”
*38 Afterwards, on the 6th day of August, the surveyor’s report was heard, and such further orders were made from time to time thereafter, as was necessary for the construction of the improvement determined upon on the 16th day of May, prior thereto.
Afterwards, on the 28th day of December, 1895, the defendants, Aldrich & Cameron, filed their petition in error in the court below, seeking a reversal of the findings and orders of the county commissioners, on the ground, among others, that the Board of County Commissioners had no jurisdiction, for the reason that no bond, as required by law, had ever been filed, making the plaintiff and Board of Commissioners parties defendant in such proceeding.
To this petition in error on the part of Messrs. Aldrich & Camera, in the court below, the defendant in error, Isabel Eadley, filed her motion to dismiss the petition in error, on the grounds:
1st. —Because the court below had no jurisdiction.
2nd. — That more than six months had elapsed from the making of the final order complained of.
3rd. — That no order prejudicial to plaintiff in error had been made.
This motion to dismiss was overruled; and the court below, on a tearing, reversed the findings and orders of the county commissioners, on the ground that they had no jurisdiction,and rendered judgment for costs against the defendant in error.
Now, the plaintiff in error in this court, Isabel Endley, asks to have the judgment of the court below reversed,claiming, first, that the court erred in overruling her motion to dismiss the petition in error in the court below; and second, erred in sustaining the petition in error and rendering judgment of reversal, etc.
The first question necessary to be considered is: Did the court err in overruling the motion of Isabel Endley, to dis *39 miss the petition in error below, on the grounds stated in her motion; if it did, the consideration of this one question will determine the whole controversy, and it will be unnecessary to consider any further questions presented by the record, but the case will necessarily have to be reversed, on account of error in overruling this motion to dismiss the petition in error below.
The question is whether the court below had jurisdiction — did more than six months elapse before the plaintiffs in error below, filed their petition to reverse the final orders complained of? If so, the court below acquired no jurisdiction of the subject matter of the action, and it was error on its part in refusing the motion to dismiss. This can only be determined by the record, and the statute.
Sec. 4452, Rev. Stat., as amended April 19, 1894, (91, O. L. 160), provides that the commissioners shall meet at the place of the beginning of the ditch as described in the petition on the day so fixed, and hear any and all proof offered by any of the parties affected by the improvement, and other persons competent to testify, and determine the necessity thereof, and in case the commissioners find in favor of the improvement, they shall fix the day for hearing of applications, etc.
It will be seen by this section of the statute, as amended, that the commissioners shall have proof offered by any of the parties, or other persons'competent to testify, and then determine the necessity of what? — the improvement. This was done, as is shown by the proceedings of the commissioners, on the 16th day of May. This finding was such a final order, as, under sec. 4463, Rev. Stat., could have been appealed to the probate court by any person aggrieved thereby. It will be observed, that an appeal can only be taken from a final order, such as is specially mentioned in *40 this proceeding. If this is a final order recognized by the statute on appeal, can it be said that the same is not also a final order, from which error must be prosecuted within six months, in order to affect the proceeding or obtain jurisdiction? We are of the opinion that it is. This is a special proceeding provided for by the statute, and even though an appeal would not lie, we have no doubt that it is such a final order and determination affecting the rights of parties from which error would lie. This being the case,it follows, that the petition in error was not filed in the court below within the time prescribed by the statute, and that by reason thereof, the court below had no jurisdiction of the case, and it was error to refuse to dismiss the petition in error below.
L. B. Beaslee, for Plaintiff.
Harris & Cameron, for Defendants.
For these reasons the judgment of the court below will be reversed, with costs, and proceeding to render the judgment which the court below should have rendered, the motion to dismiss the petition in error below, will be sustained, and the petition in error dismissed. Cause remanded for execution to court of common pleas.